## Case No. 13,956.

### THOMPSON v. HAIGHT.

[1 U. S. Law J. 85.]

District Court, S. D. New York. Aug. 12, 1820.

VACATING PATENTS—RULE TO SHOW CAUSE—PRACTICE—AFFIDAVITS.

[1. Upon a motion to make absolute a rule to show cause why a patent should not be vacated as surreptitiously obtained, the question as to the legality and sufficiency of the affidavits upon which the rule was issued cannot be considered. If any error has been committed in granting the rule, it can only be corrected upon notice and motion to vacate the rule.]

[2. An affidavit taken for the purpose of showing that a patent was fraudulently procured, and which is intended to be used as the foundation for a rule to show cause why the patent shall not be vacated, should not be entitled as in a proceeding already pending in the court, when, in fact, no proceeding has yet been instituted. To so entitle the affidavit is good ground for vacating a rule to show cause, which has been granted upon the strength of the affidavit.]

[3. An affidavit to the effect that a patent has been obtained "surreptitiously and upon false suggestions" is sufficient to warrant a judge, in his discretion, to grant a rule to show cause why the patent should not be vacated. It is, however, proper for him to receive other affidavits, no matter when made, as well as other collateral evidence; not, however, as the foundation for granting the rule, but to support and corroborate the principal affidavit, and satisfy his conscience as to the truth of its allegations.]

[Rule to show cause why the patent granted August 12, 1820, to John and Nicholas Haight, should not be vacated.] On the tenth day of February, one thousand eight hundred and twenty-two, Alexander Thompson and Donald Malcolm respectively made affidavits, before Judge Van Ness, that the above mentioned patent had been obtained upon false suggestions. Upon these, together with other affidavits made in Scotland,

and sworn to before the American consul at Glasgow, a motion was made in open court, the same day, pursuant to the provisions of the tenth section of the act of congress, for a rule directing the above named patentees "to show cause why process should not issue to repeal their patent." The matter alleged appeared to the judge sufficient, and he granted the rule prayed for. On the 18th day of March, in the said year, in obedience to the rule, both parties, as well the complainants as the patentees, appeared in court, attended by their counsel. It was moved by the counsel for the complainants, that the rule to show cause, granted in this case, now be made absolute: and that the judge order process to be issued against the patentees to repeal their patent, agreeably to the tenth section of the statute before cited. Under this motion, the counsel for the patentees commenced their argument against the legality and sufficiency of the affidavits on which the rule to show cause was granted, when they were stopped by THE COURT. The judge said, that the patentees were not now in court, to show that the original rule had been granted erroneously, or upon irregular or insufficient affidavits; but, in the words of the tenth section of the patent law, to show cause why process should not issue to repeal the patent. That was the requisition of the rule, and that was all that could be shown while it was in force. The course pursued by the counsel was therefore irregular. If any error had been committed, in granting the rule to show cause, it could only be corrected upon notice and motion to vacate the rule. The counsel then prayed for time to give the notice and make the motion, which was granted

On the twenty-seventh day of March, one thousand eight hundred and twenty-two, the complainants, as well as the patentees, appeared in court by their counsel, agreeably to the notice which had been granted; and it was moved by the counsel for the patentees that the rule to show cause be vacated on these grounds: First. That two of the affidavits taken in the city of New York were entitled in the following manner, to wit: "District Court of the United States for the Southern District: In the matter of the patent granted by the United States of America to John Haight and Nicholas Haight, dated the twelfth day of August, one thousand eight hundred and twenty," when, in fact, they ought not to have been entitled at all; since, when they were so entitled, no matter was pending concerning the said patent in this court; and the first proceeding, to wit, the motion for a rule to show cause, and the rule itself, were founded upon them. Secondly. That several of the affidavits were taken and sworn to in Scotland, and not "before the judge of the district court where the patentee, his executors, administrators or assigns, reside," as directed by the act, and could not therefore form the foundation of

the rule which by the tenth section the judge was authorized to grant. Thirdly. Admitting the affidavits filed in this case to be legal in every other respect, they did not contain sufficient matter to sustain a rule to show cause, not to authorize any inquiry into the validity of the above described patent.

The foregoing points were argued by I. Wells, D. B. Ogden, and B. Haight, for patentees, and by T. A. Emmet, Charles Graham, and D. Roberts, for complainants.

Upon the first point THE COURT decided that the affidavit in question ought not to have been entitled, and on that ground ordered the rule to be vacated. The judge went on to remark, as this decision disposed of the whole case, it was unnecessary for him to express an opinion upon the two remaining points; but with a view to regulate future practice, and prevent repeated discussions, it might perhaps be useful and proper that he should state the views he had taken of the other objections that had been urged to the admissibility and sufficiency of the affidavits, upon which the rule to show cause had been granted. He said he thought the judgment would be within the limits of the jurisdiction allowed him by the first clause of the tenth section of the patent law, if he granted the rule to show cause upon a general affidavit that the patent had been obtained "surreptitiously and upon false suggestions"; that an oath to that effect, seemed to be all that was required by the terms of the act: he was not however prepared to say, that would always be a wise and judicious exercise of his discretion to grant a rule upon such an affidavit. He had no doubt, however, after this oath had been made before the proper judge, within the time, in the form, and in the terms prescribed by the act, it would be perfectly regular for the judge to receive other affidavits, no matter when made, in order to remove his doubts, and other collateral evidence, not as the foundation upon which to grant the rule, but to support and corroborate the principal affidavit, and to satisfy his conscience as to the truth of the general allegations it contained. He was therefore of opinion that the affidavits made in Scotland had been in the first instance properly received and considered, and that the matters alleged in all the affidavits were sufficient to authorize the rule which had been granted. It was decided that the rule, when granted, and all subsequent proceedings, should be entitled as between complainant and defendant; and the judge directed that, when a copy of the rule to show cause was served, copies of the affidavits upon which it was granted should be annexed.

Subsequent to the adoption of the foregoing rules of practice, there was a full trial in the case of Thompson v. Haight before the district judge [Case No. 13,957], which consumed several days, and a large number of witnesses were examined. The rules laid down by the district judge in the case of Thompson v. Haight [supra], when taken in connexion with the opinion [in McGaw v. Bryan, Case No. 8,793], may be considered as the practice of the district court for the Southern district of New York, in patent cases.